# NO. 12-15-00151-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROLAND I. ODOM,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Pursuant to a plea bargain agreement, Ronald I. Odom pleaded "guilty" to two counts of intoxication manslaughter. He further pleaded "true" to an enhancement paragraph. Appellant was sentenced to the agreed punishment of imprisonment for twenty years for each offense, to be served concurrently. Thereafter, Appellant filed a notice of appeal from the judgment of conviction and sentence. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1]

In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after receiving the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed unless a certification that shows the defendant has the right of appeal has been made part of the record. TEX. R. APP. P. 25.2(d). If a court of appeals examines a certification after the record is filed, it must review the record to determine whether the certification is defective before dismissing the appeal for lack of jurisdiction. *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

---

[1] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and no pro se brief has been filed.

Here, the trial court's certification states that Appellant's case is a plea bargain case, he has no right of appeal, and he waived his right of appeal. The certification is signed by Appellant and his trial counsel. The record supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Therefore, this court does not have jurisdiction of the appeal, and the appeal must be dismissed.

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having concluded that this court does not have jurisdiction of the appeal, we *grant* counsel's motion for leave to withdraw and *dismiss* the appeal *for want of jurisdiction*.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered April 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 29, 2016

NO. 12-15-00151-CR

**ROLAND I. ODOM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 18672)

THIS CAUSE came to be heard on the appellate record and brief filed herein; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*